O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORALEE S. J.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No. 2:18-cv-07386-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**BACKGROUND**

Plaintiff Coralee S. J. ("Plaintiff") applied for Social Security Disability Insurance Benefits ("DIB") on December 10, 2015, alleging disability commencing November 23, 2015. Administrative Record ("AR") 134-36. On February 22, 2017, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE"). AR 27-62. On August 25, 2017, the ALJ issued an unfavorable decision. AR 15-23. The ALJ found that Plaintiff suffered from the

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

medically determinable severe impairments of degenerative disc disease of the lumbosacral spine; arthritis of the lower back, right hip, and right hand; degenerative disc disease of the cervical spine; and obesity. AR 22. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a limited range of light work. As relevant here, the ALJ found that Plaintiff could only engage in "occasional" operation of hand controls, handling, and fingering with her right hand, but imposed no restrictions on use of her left hand. Id. In Social Security terminology, the term "occasional" means up to one-third of an eight-hour workday, whereas "frequent" means between one-third and two-thirds of the workday. See Social Security Ruling ("SSR") 96-9p, 1996 WL 374185; SSR 83-10, 1983 WL 31251.

Based on the RFC analysis and the VE's testimony, the ALJ found that Plaintiff could not do her past relevant work, but could work as an information clerk, Dictionary of Occupational Titles ("DOT") 237.367-018, or parking lot attendant, DOT 915.473-010. AR 21-23, 56. The ALJ concluded that Plaintiff is not disabled. AR 23.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether the ALJ properly resolved the asserted conflict between the DOT and the VE's testimony that a hypothetical worker with Plaintiff's RFC could work as an information clerk or parking lot attendant. (Dkt. 21, Joint Stipulation ["JS"] at 4.)

Per the DOT, working as an information clerk involves providing travel information to bus or train passengers. Clerks need to answer questions, describe routes, quote rates, and furnish timetables. The work requires occasional fingering and frequent handling with low manual dexterity and medium finger dexterity. DOT 237.367-018.

Per the DOT, working as a parking lot attendant involves driving and

parking cars, placing numbered tags on windshields and handing similar tags to customers, collecting fees, and patrolling the parking area to prevent theft. The work requires "frequent" handling and fingering with low finger dexterity and medium manual dexterity. DOT 915.473-010.

The DOT does not state whether its handling and fingering requirements are unilateral or bilateral. Plaintiff contends that "common experience" demonstrates that someone limited to "occasional" handling and fingering with her dominant right hand cannot do these jobs as described by the DOT.

## III.
## DISCUSSION

A. **The ALJ's Duty to Resolve Conflicts between the DOT and VE.**

An ALJ may not rely on a VE's testimony regarding the requirements of a job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p). If there is a conflict between the VE's testimony and the DOT, an ALJ must determine whether there is a reasonable explanation for the deviation. Id. Reasonable explanations for deviating from the DOT include that the DOT "does not provide information about all occupations, information about a particular job not listed in the [DOT] may be available elsewhere, and the general descriptions in the [DOT] may not apply to specific situations." Id. at 1153, n.17 (citing SSR 00-4p). "The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony …." Id. at 1153.

The Ninth Circuit has not addressed in a published decision the question of whether an apparent conflict with the DOT arises when the DOT is silent as to a particular mental or physical requirement. Unpublished decisions go each way. Compare Dewey v. Colvin, 650 Fed. App'x 512, 514 (9th Cir. 2016) (finding no conflict between sit/stand option and DOT because "the DOT is silent on whether the jobs in question allow for a sit/stand option") and Buckner-Larkin v. Astrue,

450 Fed. App'x 626, 628-29 (9th Cir. 2011) (finding "conflict" between at-will sit/stand option and DOT was adequately addressed by VE based on VE's own research and experience). This Court adopts a case-by-case approach. See Wester v. Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31, 2015) ("[W]hen a VE relies on a functional limitation about which the DOT is silent or unclear, a conflict may exist depending upon the circumstances of the case.").

For example, in Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016), the Ninth Circuit found no "obvious or apparent" conflict that triggered the ALJ's duty to inquire further where the VE opined that a claimant precluded from overhead reaching with her right arm could work as a cashier, where the DOT description required frequent reaching but did not specify in what direction. The Ninth Circuit reasoned that it was "unlikely and unforeseeable" that a cashier would need to reach overhead, and even more rare for one to need to reach overhead with both arms. Id. at 808-09, n.2.

In contrast, the Ninth Circuit found a conflict in Lamear v. Berryhill, 865 F.3d 1201 (9th Cir. 2017). The claimant was limited to "occasional" handling and fingering with his left hand. Id. at 1203. The Ninth Circuit reasoned, "Contrary to the facts in Gutierrez, we cannot say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier[2] with limitations on his ability to 'handle, finger and feel with the left hand' could perform his duties." Id. at 1205. As tasks from the DOT's job description generally requiring the use of two hands, the Ninth Circuit gave as examples "opening and sorting mail, stuffing envelopes, distributing paperwork, and counting change." Id.

---

[2] The parking lot cashier job is DOT 211.462-010. Lamear, 865 F.3d at 1204. It is not the same as the parking lot attendant job.

4

B. **Analysis.**

Plaintiff argues that an information clerk "must be able to write with a quality commensurate with writing reports and essays with proper format [and] grammar." (JS at 6, citing DOT.) She also argues that a parking lot attendant "must have the ability to write in sentences with appropriate grammar and details such as numbers and addresses." (Id. at 7-8.) Because she writes with her right hand, she argues that having to write for more than one-third of her work day would tire her hand, make her writing illegible, and conflict with her RFC. (Id.)

The DOT provides ratings for the math, language, writing, and speaking skills required for each job. It identifies writing skills needed by an information clerk as, "Write reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech." The required math skills are, "Add, subtract, multiply, and divide all units of measure. Perform the four operations with like common and decimal fractions. Compute ratio, rate, and percent. Draw and interpret bar graphs. Perform arithmetic operations involving all American monetary units." DOT 237.367-018. For work as a parking lot attendant, the required writing skills are, "Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses." The required math skills are, "Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound." DOT 915.473-010.

These ratings address the mental skills needed to perform each job successfully and do not suggest that x hours/week will be spent on the listed tasks. Even if an information clerk needs writing skills commensurate with writing essays and math skills commensurate with drawing bar graphs, that does not mean that an information clerk will spend an appreciable percentage of each workday writing essays or drawing bar graphs. Rather, the typical tasks of each job are listed in the

5

first part of the DOT's job description.  Neither job description includes any tasks that would involve prolonged writing.  This is consistent with common experience.

Plaintiff also argues that some core tasks of each job, as identified in the DOT's job description, generally require using both hands.  For example, based on common experience, sorting through travel literature would require using both hands.  (JS at 6.)  Separating numbered tags from key rings would require using both hands.  (JS at 7.)  While this may be so, Plaintiff has not demonstrated that these tasks would comprise more than one-third of the workday.  Based on common experience, other tasks that do not require using both hands (such as talking to customers, answering questions, giving oral directions, driving, and patrolling) would comprise at least two-thirds of the workday.  Therefore, no apparent conflict exists between the DOT and the VE's testimony, and the ALJ did not err by failing to obtain an explanation.  See McConnell v. Astrue, No. 08-667, 2010 WL 1946728, at *7 (C.D. Cal. May 10, 2010) (holding that no conflict existed between information clerk position and RFC that precluded claimant from any fingering with one hand); but see Lor v. Comm'r of Soc. Sec., No. 15-0548, 2017 WL 1037612, at *10 (E.D. Cal. Mar. 17, 2017) (holding that it was unclear whether parking lot attendant position required frequent handling with both hands and remanding to resolve this and other conflicts).

## IV.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

DATED:  May 13, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge